IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 AUG 17 PM 1:40
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

EDMOND LINDSEY,

Plaintiff,

v.

MEMPHIS-SHELBY COUNTY AIRPORT AUTHORITY,

Defendant.

No. 04-2220 D

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are the motion of the Memphis-Shelby County Airport Authority ("Airport Authority" or "Defendant") for summary judgment and the motion of Edmond Lindsey ("Mr. Lindsey" or "Plaintiff") for summary judgment. For the following reasons, the Court **GRANTS** Defendant's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment.

## I. BACKGROUND

This case is the remainder of a lengthy class action against the Airport Authority regarding its voluntary property acquisition program and the class members' alleged injuries from an excess of aircraft noise and pollution. See Alvarado v. Memphis-Shelby County Airport Auth., No. 89-3001 (W.D. Tenn.). Plaintiff, a member of the class in Alvarado, also asserted non-class claims, which the district court severed for purposes of discovery and trial. The Alvarado class reached a settlement with the Airport Authority as to the class claims. The district court approved the

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-18-05



settlement on December 22, 1998, and the Sixth Circuit affirmed on August 15, 2000, over Mr. Lindsey's objections.

On April 5, 2004, Judge Horton closed Alvarado and directed the Clerk of Court to open a new case, No. 04-2220, to deal with Plaintiff's non-class claims. This case is limited to Plaintiff's claim that Defendant did not fairly administer his application when he sought to participate in Defendant's voluntary property acquisition program. This claim proceeds under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 et seq.

Plaintiff filed three suits against the Airport Authority in addition to the class action. He brought the first in 1989, alleging inverse condemnation and constitutional due process claims. The federal court dismissed the action, finding the claims barred by the statute of limitations. Plaintiff brought his second suit in state court, and the court dismissed that case as *res judicata*. The third suit, also filed in state court, was stayed pending resolution of the Alvarado class action. See Alvarado v. Memphis-Shelby County Airport Auth., No. 99-5159, 2000 WL 1182446, at **1 (6th Cir. Aug. 15, 2000) (explaining history of Mr. Lindsey's litigation).

## II. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., Federal Practice and Procedure § 2727, at 35 (2d ed. 1998).

Facts must be presented to the court for evaluation. Kalamazoo River Study Group v. Rockwell Int'l Corp., 171 F.3d 1065, 1068 (6th Cir. 1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., Federal Practice and Procedure § 2721, at 40 (2d ed. 1998). Although hearsay evidence may not be considered on a motion for summary judgment, Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. Celotex, 477 U.S. at 324; Thaddeus-X v. Blatter, 175 F.3d 378, 400 (6th Cir. 1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. Kalamazoo River, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial

exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

## III. ANALYSIS

### A. Defendant's Summary Judgment Motion

Plaintiff's remaining claim relates to the Airport Authority's administration of its property acquisition program. An airport operator that elects to have a property acquisition program as part of its noise abatement program must comply with the provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), 42 U.S.C. §§ 4601, et seq.; 49 C.F.R. Part 24. Courts review alleged violations of the URA under the narrow standard of judicial review set forth in the APA. See Ackerley Communications of Fla., Inc. v. Henderson, 881 F.2d 990, 993 (11th Cir. 1989) (finding that the APA is the exclusive remedy for alleged violations of the URA). The court may set aside the agency's findings, conclusions, or actions only if they are "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" Kroger Co. v. Reg'l Airport Auth., 286 F.3d 382, 386-87 (6th Cir. 2002) (quoting 5 U.S.C. § 706(2)(A)). This is the "least demanding review of an administrative action" and, with any evidence to support Defendant's actions, there can be no determination that the decision was arbitrary or capricious. Id. at 389.

Plaintiff alleges that Defendant did not negotiate fairly with him and, thus, his rights were violated. When Plaintiff received Defendant's offer, he found it unacceptable. Subsequently, Plaintiff hired an independent appraiser and was dissatisfied with that appraisal as well. Eventually,

Plaintiff was able to produce an appraisal that met his approval. However, that appraisal did not follow standard, acceptable appraisal methodology, primarily because it did not take into account depreciation.

Defendant contends that it was not unfair in its negotiations with Plaintiff. Once Defendant determined that Mr. Lindsey was eligible for the voluntary acquisition program, it followed the Uniform Appraisals Standards for Federal Land Acquisition pursuant to the Uniform Relocation Assistance and Real Property Acquisition for Federal and Federally-assisted Programs, 49 C.F.R. § 24.103. Furthermore, under this administrative process, Plaintiff was provided several layers of appeal. As a result, Plaintiff's concerns were addressed through adjudication by this Court and affirmation by the Sixth Circuit Court of Appeals.

Because the Court found that Defendant followed appropriate procedures and used accepted appraisal practices, the Court again finds that Defendant did not act arbitrarily or capriciously in its dealings with Plaintiff. Accordingly, the Court finds that there are no genuine issues of material fact remaining, and summary judgment is appropriate.

B. Plaintiff's Motion for Summary Judgment

On June 22, 2005, Plaintiff filed a motion for summary judgment. However, there was no memorandum filed in support of his motion. Instead, Plaintiff re-filed his memorandum in opposition to Defendant's motion for summary judgment. As the Court has now granted Defendant's motion for summary judgment, Plaintiff's motion for summary judgment is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is **GRANTED** and Plaintiff's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED** this 17th day of August, 2005.

**BERNICE BOUIE DONALD**
**UNITED STATES DISTRICT COURT**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:04-CV-02220 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

William R. Bradley
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Edmond Lindsey
Pro Se
P.O. Box 30683
Memphis, TN 38130--068

R. Grattan Brown
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT