FILED BY _____ D.C.

05 SEP -6 PM 2: 22

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

FILED BY _____ D.C.

05 SEP -2 AM 9: 45

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTICT OF TENNESSEE
WESTERN DIVISION

EDMOND L. LINDSEY, ET AL
PLAINTIFF,

04-CV2220D

MEMPHIS-SHELBY COUNTY AIRPORT AUTHORITY
ET AL
DEFENDANT

**MOTION DENIED**
DATE: 9-6-2005
_signature_
**BERNICE BOUIE DONALD**
**U.S. DISTRICT JUDGE**

---

## MOTION FOR REHEARING

---

Comes now Edmond Lindsey, under the scope of Pro Se, pursuant to Rule 59 of the Federal Rule of Civil Procedure. In support of the following is shown:

I

The acquisition program of the MSCAA which is a federally assisted program who shirked it's duty to alert the secretary of transportation that an Adminstrative Procedure Act complaint had been filed against the MSCAA concerning the procedures that must be adhered to under title VI of the Civil Rights act of 1964.

II

The court failed to grant plaintiff a plenary hearing and hence due process was denied.

This document entered on the docket sheet in compliance with Rule 58 and/or ___  9/7/05

Motion For Rehearing 09105

III

The court failed to take into consideration that plaintiff was proceeding under the scope of Pro Se, and entitled to the liberal consideration afforded Pro Se litigants.

IV

The court failed to take into consideration that plaintiff was not afforded discovery and therefore was placed at a disadvantage and was rendered unable to resist the courts granting of defendant's motion for summary judgment.

V

The court failed to realize that the defendants refused to respond to plaintiff's interrogatories, admissions, and depositions, and the fact that a hearing pursuant to Rule 16 (b) was not afforded.

VI

The court failed to take into consideration the affidavits of plaintiff and his wife which went along with the evidence submitted in this case, and that the expert for MSCAA had misrepresented facts about the appeal taken 8-28-1988.

VII

The court failed to take into consideration that plaintiff home could not be replaced for less than $185,153.00. See exhibit _48_, even though MSCAA presented an offer of $83,000 dollars plus $17,000 for a total of $100,000.

VIII

The court failed to realize that plaintiff had suffered under the hands of MSCAA

for over a period of 14 years, while experiencing health and financial hardships while the city refused to institute eminent domain proceedings compounded by the fact that even though plaintiff had filed a Motion to withdraw funds which was denied while Plaintiff was subjected to MSCAA requiring him to sign a release form.

### IX

The court overlooked the fact that the Lindsey's have been subjected to noise, pollution, sleep deprivation, anxiety, fear, isolation and emotional distress for over 14 years.

### X

The MSCAA failed to allow plaintiff to fill out the hardship application, as well the court failed to require MSCAA to perform all aspects set forth in Title 49 CFR ___ as well as Title VI of the Civil Rights act of 1964.

### XI

The court overlooked the declaration of Dr. Tuberville which supports Lindsey's medical problem, which is a direct product of the MSCAA. In addition, the court overlooked Dr. Gehi's declaration submitted on Lindsey's behalf.

### XII

The court failed to note that plaintiff's neighborhood was completely destroyed. The Lindsey's home has been fenced in with a seven foot fence with only one (1) way out which further denied Lindsey the right to possess, use, and enjoy the property he purchased for that purpose which is a constitutional right.

XII

The court overlooked the fact that MSCAA withheld the Administrative Procedure Act for 14 years. The APA, which is an act of Congress, was put in place to prevent this type of conduct from happening to Lindsey or anyone else.

Wherefore premise considered, Plaintiff pays that this Honorable Court will grant Plaintiff's Motion for Rehearing.

Respectfully submitted,

Edmond L. Lindsey, Pro Se Appellant
P O Box 30683
Memphis, TN  38130-0683
901-346-1911

CERTIFICATE OF SERVICE

I Edmond L. Lindsey do hereby certify that I have mailed postage prepaid a true and correct copy of the foregoing Motion for Rehearing dated on or about 9/02/05, to R. Grattan Brown, 1700 One Commerce Square, Memphis, TN  38103, this 2nd day of September, 2005.

Edmond L. Lindsey, Pro Se

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 44 in case 2:04-CV-02220 was distributed by fax, mail, or direct printing on September 9, 2005 to the parties listed.

---

Edmond Lindsey
Pro Se
P.O. Box 30683
Memphis, TN 38130--068

William R. Bradley
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

R. Grattan Brown
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT